THOMAS LITTLE v. THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF UNION.

1. The act of April 1st, 1872, extinguishing the road board in Union township, and which threw the obligations and debts of such extinguished corporation on the township committee of Union, created a duty in such latter corporation to pay such debts, and from such duty a promise to make payment will be implied in law.
2. A creditor of a municipality is not obliged to wait before he sues, until the money can be collected from the land owners benefited and on whom the charter imposes the expense of the improvement.

This was an action in case. There was a special count that was demurred to, (the common counts having been suppressed by the consent of the parties.) This count stated that by an act of the legislature, entitled "An act in relation to streets in Union township, in Union county," approved March 29th, 1871, a certain road board was incorporated for the purpose of making certain public improvements, the powers and capacities of such board being set out; that this board " did covenant and agree" with the plaintiff for the building by him of a certain sewer, the terms of such contract being specified; that by another act of the legislature approved April 1st, 1872, this first act was repealed, but that in such repealing act was the following clause: " That the repeal of said act shall not, in any way, affect or impair any legal contracts which the board of commissioners of public roads of the southeasterly district of the township of Union, in the county of Union, have made and which may remain unexecuted, in whole or in part, at the time of the passage of this act, or any indebtedness contracted by said commissioners for improvements made under said act, but the township committee of the said township of Union, and their successors, shall have power, and they are hereby authorized to compromise and settle with the contractors, if possible, on such reasonable terms as in their judgment they may deem for the best interests of the district, or if a settlement cannot be made, then to carry out and complete all such legal contracts which the said commissioners of public roads have heretofore made, and which remain unexecuted, in whole or in part, at the time of the passage of this act, and to pay all just debts contracted by said commissioners for improvements under said act."

The count then further alleged, that after the execution of the said contract he expended large sums of money in preparations to carry out the same, and that he entered upon the said work and was engaged in carrying out and completing the same at the time of the passage of such repealing act; that the defendants have wholly refused to settle with the plaintiff for the said contract work, and that he was willing and ready,

and demanded that he should be allowed to go on and complete said work, but that the defendants refused to permit him so to do, and that they have refused to carry out and complete said contract, &c.

Argued at June Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the demurrant, *W. J. Magie.*

*Contra, W. P. Wilson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. It will be observed from the foregoing prefatory statement, that the contract that forms the asserted ground of action was entered into between the plaintiff and a certain corporation called the "Southeasterly Road District of the Township of Union, in the County of Union." The statute creating this body was subsequently repealed, and in the repealing act certain obligations and duties with respect to contracts made and acts done by the corporation thus extinguished were imposed on the defendant, "the Township Committee of the Township of Union, in the County of Union." The transfer of these obligations and duties from the former to the latter of these corporations was decided by this court to be legal in the case of *Rader* v. *The Township of Union*, 10 *Vroom* 509.

But now, in this case, it is insisted that this act of 1872, while it may, by its bestowal of an authority upon the defendant to discharge the obligations of the extinguished corporation, have created a moral duty to do such act, yet, nevertheless, has not imposed any legal liability in this respect. But this law is not, by any fair treatment, susceptible of such a construction. The intention being to supersede the old road board, and to substitute in its place the defendant, it became a necessary measure, if the ordinary rules of justice were to be at all regarded, to make provision for the payment of existing

debts and the performance of existing contracts; and such measure could be made effective only by putting it in the form of a legal duty enforceable by action; and this, I think, is plainly the legislative scheme. The legislature has manifestly treated the obligations incurred by the road board as in all respects legal, and therefore very properly has established a mode in which this class of public creditors will be reasonably certain of getting their dues. They have not been left to the sentimental remedy of an appeal to the sense of justice of this township committee, but a legal duty has been cast upon this official body, and which duty has, for its sanction, its liability to enforcement by a suit at law.

Nor is it perceived that there is any force in the suggestion that this is not the contract of this defendant, but is that of the extinguished corporation. The answer to the objection is, that the legislature has imposed on this defendant the obligation, in a specific form, of executing the contract; and from the existence of that duty the law will imply a promise. I do not find that under such circumstances, it has ever been supposed that an action will not lie on such an implied promise.

With respect to the further position that an action at law will not lie against this defendant, on the ground that the expense of the improvement in question is to be levied in a prescribed mode, it is enough to say that at present no question arises as to the right of the plaintiff to levy his debt in any particular mode. As the plaintiff's claim is in dispute, it is necessary for him to have it established and ascertained by action, before he can take any steps to raise the amount of money due him in any form whatever. If he should obtain judgment, the question raised will then be ripe for decision.

Let the demurrer be overruled.